**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 12, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1723

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> *Plaintiff-Appellee*,<br><br>  v.<br><br>ANTHONY GREEN,<br> *Defendant-Appellant*. | Appeal from the United States<br>District Court for the<br>Northern District of Illinois,<br>Western Division<br><br>No. 03 CR 50031-1<br><br>**Philip G. Reinhard**, *Judge*. |

**O R D E R**

Anthony Green was convicted by a jury of armed bank robbery, 18 U.S.C. § 2113(a), (d); possession of a firearm during and in relation to the robbery, 18 U.S.C. § 924(c); and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). Relying on the Sentencing Guidelines, the district court treated Green as a career offender and imposed a sentence of 384 months' imprisonment. In *United States v. Green*, No. 04-1723 (7th Cir. Oct. 11, 2005) (unpublished order), we ordered a limited remand of Green's sentence in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so that the district court could determine whether it believed the sentence remains appropriate now that *Booker* has relegated the Sentencing Guidelines to advisory status. In all other respects, we affirmed the judgment of the district court.

The district court has replied that, now knowing that the Guidelines are not mandatory, it would reimpose the same sentence. We invited both parties to offer their views about the reasonableness of Green's sentence. The government filed a statement urging us to find the sentence reasonable and affirm. Green's counsel filed a statement explaining that the record affords him no basis to argue that Green's sentence is unreasonable.

We therefore AFFIRM the sentence issued by the district court.